UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ARNALDO SANCHEZ TORTEYA,

                Petitioner,

                                                        **MEMORANDUM & ORDER**
        -against-                                          23-MC-2044 (OEM)

UNITED STATES OF AMERICA,

                Defendant.
-----------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

       On July 31, 2021, petitioner Arnaldo Sanchez Torteya ("Petitioner" or "Torteya") filed a "Motion for Expungement of Records." *See* Petitioner's Motion to Expunge Records (the "Petition"), ECF 1. The United States (the "Government") has opposed the Petition. *See* Government's Opposition Letter dated Oct. 2, 2023 ("Gov't Opp."), ECF 6. The Government also seeks to have its Opposition Letter and this Order to be filed under seal. *See id*. at 4-5. For the reasons that follow, the Petition is denied, and the case is dismissed for a lack of standing. The Court also grants the Government's motion to seal its Opposition Letter as well as the entire case given the inclusion of previously sealed documents. *See* Gov't Opp. at 4 ("The government requests that this case be sealed to prevent disclosure of the 2012 Complaint.").

## BACKGROUND

       Petitioner filed this Petition, *pro se*, on July 31, 2021. *See generally* Petition. Appended to his Petition is an order dated April 19, 2022, signed by Magistrate Judge Roanne L. Mann granting the United States' motion for a dismissal with prejudice of a criminal complaint against Torteya in a sealed criminal matter (the "Dismissal Order"). *Id.* at 4. *See United States v. Torteya*, 12-mj-400, ECF 8 (E.D.N.Y. 2012) (the "EDNY Case"). The Dismissal Order also indicates that Torteya was "incarcerated on another matter and should not be released." *Id.* That other matter is

not further discussed in the Motion or Dismissal Order, though Torteya notes a "pending case against other individuals" which "can be unsealed in the future." *Id.* at 1.

According to Petitioner, he is incarcerated with an anticipated release date of March 7, 2024. *Id.* Substantively, Torteya seeks "expungement and remain under seal any record of [Torteya's] regarding [] this case," which the Court takes to mean the EDNY Case. *Id.* at 2.

Petitioner asserts that "in the case that [the EDNY] case will" become unsealed, he will face "prejudice" and "encroachment" in his "privacy interest." *Id.* Torteya also indicates that it is "possible that [he] might be deported to Mexico" after his release date and, if so, it "will be virtually impossible to request any expungement or sent [sic] any motion in the future." *Id.* at 1-2.

## DISCUSSION

It is axiomatic in any civil case that a plaintiff has Article III standing to bring the case and the Court have subject matter jurisdiction over the matter. *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim.").

In order to show standing, a plaintiff must establish three things: (1) an "injury in fact — an invasion of a legally protected interest which is ... concrete and particularized and actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complained of," and (3) redressability of the injury "by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *accord Neary v. Weichert,* 489 F. Supp. 3d 55, 66 (E.D.N.Y. 2020). The nature of a redressability inquiry "focuses . . . on whether the *injury* that a plaintiff alleges is likely to be redressed through the litigation." *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286–87 (2008) (emphasis in original).

Here, even assuming there was some sort of cognizable and imminent injury and the Court had power to seal "records" at large connected with the EDNY Case,[1] it is unclear how this Court would have power to redress that injury on the facts stated given that the EDNY complaint is already sealed. That is, because "[t]here is no practical difference between a request to seal and a request to expunge," Torteya ostensibly has all the relief that he seeks and is seeking to deter only a potential future unsealing. *Peters v. United States,* No. 13-MC-103 JMA, 2013 WL 3280880, at *1 n.1 (E.D.N.Y. June 27, 2013). *See Fernandez v. United States,* No. 09-MC-326 (CPS), 2009 WL 2227140, at *1 and n.1 (E.D.N.Y. July 24, 2009) ("Courts analyze motions to seal and expunge a criminal record under the same standards."). This entirely speculative fear that the Government, much less any other movant, may try to unseal the EDNY Case in the future precludes standing. "There is no redressability where such depends on an independent actor who retains 'broad and legitimate discretion [that] the courts cannot presume either to control or to predict.'" *Neary v. Weichert,* 489 F. Supp. 3d at 67 (quoting *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 615 (1989)). *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013) ("Th[e] [Supreme] Court is reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment."). Without standing, the Court has no power to further adjudicate this action.

---

[1] Even Petitioner's proffered injury itself is entirely "hypothetical," *Lujan*, 504 U.S. at 560, given that he predicates his Petition on the vague statement: "in the case that this case will be unsealed[.]" Petition at 1. Further, as there was no actual arrest involved in the EDNY Case, just a criminal complaint that was otherwise sealed until the bringing of this Petition, it is unclear under what jurisdiction – ancillary or otherwise – the Court could expunge the records at large had they been publicly available in the first place. *But see United States v. Schnitzer,* 567 F.2d 536, 539 (2d Cir.1977) (arrest records may be equitably expunged); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016) (discussing expungement of valid convictions and ancillary jurisdiction). Lastly, construing his *pro se* Petition liberally, to the extent that Petitioner seeks expungement of his arrest in connection with the unnamed case mentioned in the Petition and Dismissal Order, he has not shown that that case sufficiently "unusual or extreme" as delineated in *Schnitzer*. *See* 567 F.2d at 539-40; *accord Fernandez,* 2009 WL 2227140, at *1.

## CONCLUSION

The Court briefly addresses the Government's sealing request. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). *Cf. In re San Francisco Chron.*, No. 07-MC-00256 (TCP), 2007 WL 2782753, at *4 (E.D.N.Y. Sept. 24, 2007). Under *Lugosch*'s balancing test, any presumption of public access to the Dismissal Order or the docket in this case is in essence ancillary to the EDNY Case, which to this day remains sealed, even to this Court. As the Court does not know Judge Mann's basis for sealing the EDNY Case and the Court itself is barred from access to that docket, this fact weighs against any presumption of public access, notwithstanding Petitioner's inadvertent breach of Judge Mann's sealing order. Equally, sealing here also serves Petitioner's own privacy interests. Lastly, the Dismissal Order and the rest of the entries on the docket play a "negligible role" in determining Petitioner's lack of standing and, accordingly, the public's presumption of access to the is low. *See Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019) ("[D]ocuments that play only a negligible role in the performance of Article III duties" are accorded only a low presumption that "amounts to little more than a prediction of public access absent a countervailing reason.") (cleaned up).

For the foregoing reasons, the Petition is denied and the case is dismissed for a lack of standing. The Clerk is respectfully directed to mail a copy of this order to Petitioner and close the case. The Court further finds that in the specific circumstances of this case, as detailed above, the sealing of the Government's Opposition letter and this case's docket is warranted to protect the further dissemination of already sealed documents and information related to the EDNY Case, which remains under seal and was never subject to unsealing *ab initio*.

**SO ORDERED.**

                                                                                                <u>    Orelia E. Merchant    </u>
                                                                                                ORELIA E. MERCHANT
                                                                                                United States District Judge

November  7, 2023
Brooklyn, New York